MICHELE BECKWITH
Acting United States Attorney
ELLIOT C. WONG
WHITNEE GOINS
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

**Jan 16, 2025**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:25-cr-0010 DC |
|---|---|
| Plaintiff, | 18 U.S.C. § 1343 – Wire Fraud (11 counts); 18 U.S.C. § 1344(2) – Bank Fraud (3 counts); 18 U.S.C. § 1028A – Aggravated Identity Theft (3 counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A) – Criminal Forfeiture |
| v. | |
| KAMI ELOIS POWER, | |
| Defendant. | |

I N D I C T M E N T

COUNTS ONE THROUGH ELEVEN: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury charges:

KAMI ELOIS POWER,

defendant herein, as follows:

I.      INTRODUCTION

1.      Defendant KAMI POWER was a resident of Gardnerville, Nevada. From in or around November 2019, through in or about May 2023, POWER was employed as an office assistant of Company 1.

2.      Company 1 is a family-owned construction business. Company 2 is a related industrial equipment company. At all times relevant to the indictment, Company 1 and Company 2 were located in South Lake Tahoe, in the state and Eastern District of California.

## II.    SCHEME TO DEFRAUD

3.     Beginning no later than January 2020, and continuing until in or around May 2023, in the County of El Dorado, State and Eastern District of California, and elsewhere, POWER knowingly devised, intended to devise, and participated in, with the intent to defraud, a material scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, half-truths, omissions, and the concealment of material facts.

4.     The purpose of the scheme and artifice to defraud was to obtain, convert, and spend money belonging to Company 1 and Company 2, without the authorization and knowledge of the companies' owners, for unauthorized personal purposes that did not benefit Company 1 or Company 2.

## III.    MANNER AND MEANS

In furtherance of the fraud, POWER employed the following manner and means, among others:

5.     As office assistant, POWER worked in the office of Company 1.  POWER was Company 1's only full-time, in office employee.  By virtue of her position, she had unsupervised access to Company 1 and Company 2's financial information, bank accounts, payroll accounts, and company credit card.  POWER did not have authority to issue payroll, to authorize the payment or transfer of money, or to sign checks, however.

6.     POWER used her position and access to Company 1 and Company 2's financial information, bank accounts, payroll accounts, and company credit card to obtain, convert, and spend Company 1 and Company 2's money directly and indirectly for her own person benefit, in the following ways, among others:

   a.   POWER made wire transfers of company money to herself and disguised them by making them look like they were authorized payments to subcontractors, vendors, or other businesses.  Some of these vendors were fake.  For example, she created billing accounts in different permutations of her own initials, like "KEP Inc. Sale" and "KPI."  Others, however, were real vendors that Company 1 worked with, but for which POWER created alternative billing accounts, under which payments were sent not to the real businesses, but, instead, to her own personal bank account.

   b.   POWER made wire transfers of company money to herself and disguised them by

making them look like they were authorized payroll payments. To accomplish this, she used Company 1's payroll software to create a shell profile under the name "*E*" and then used that profile to transfer money to her own bank account.

    c.  POWER made wire transfers of company money to herself by transferring funds out of these accounts and applying those funds towards the balance of her own personal credit cards.

    d.  POWER made wire transfers from Company 1 by making unauthorized personal purchases with Company 1's credit card.

    e.  POWER made wire transfers from Company 1 into her own account and disguised them as authorized payments for payroll, reimbursements, or other earnings. These were not authorized payments, however, and were in excess of her bi-weekly paychecks. For example, in June 2022, POWER took more than $33,000 in eight unauthorized transfers. This is more than 16 times what she earned in her bi-weekly paychecks during that period.

7.    In furtherance of the scheme, POWER made materially false statements, representations, and half-truths about Company 1 and Company 2's finances. For example, POWER created false vendor billing accounts, and false payroll records.

8.    Also in furtherance of the scheme, POWER omitted material information and concealed material facts from Company 1 and Company 2 about these fraudulent transactions, including, but not limited to, concealing the destination of funds that went into her own personal bank accounts rather than to an authorized subcontractor, vendor, or other business; and omitting material information in Company 1's payroll records. POWER had a duty to disclose this information because she was a fiduciary of, and entered into a trust relationship with, Company 1 and Company 2.

9.    As a result of this scheme, POWER defrauded Company 1 and Company 2 of more than $1,400,000.

## IV.   INTERSTATE WIRE COMMUNICATIONS

10.    On or about the dates set forth below, in the State and Eastern District of California, and elsewhere, for the purposes of executing and attempting to execute the aforementioned scheme and

artifice to defraud, POWER did knowingly cause to be transmitted by means of wire in interstate commerce, the writings, signs, signals, and sounds specified below:

| Count | On or About | Description |
|-------|-------------|-------------|
| 1 | Oct. 28, 2020 | A wire transfer from Company 1's Bank 1 account -8850 to POWER's Credit Union 1 account -1090, in the amount of $25,632.53. |
| 2 | July 23, 2021 | A wire transfer from Company 1's Bank 1 account -8850 to POWER's Credit Union 1 account -1090, in the amount of $48,636.00. |
| 3 | Sept. 14, 2021 | A wire transfer from Company 1's Bank 1 -8850 to POWER's Credit Union 1 account -1090, in the amount of $79,067.13. |
| 4 | Aug. 4, 2022 | A wire transfer from Company 1's Bank 1 account -8850 to POWER's Credit Union 1 account -1090, in the amount of $104,000.00. |
| 5 | June 24, 2022 | A wire transfer from Company 2's Bank 2 account -1525 to POWER's Credit Union 1 account -4080, in the amount of $7,422.25. |
| 6 | June 28, 2022 | A wire transfer from Company 2's Bank 2 account -1525 to POWER's Credit Union 1 account -4080, in the amount of $4,256.00. |
| 7 | Dec. 5, 2022 | A wire transfer from Company 1's Bank 2 account -6199 to POWER's Discover card -1764, in the amount of $7,810.19. |
| 8 | Dec. 19, 2022 | A wire transfer from Company 1's Bank 2 account -6199 to POWER's Discover card -1764, in the amount of $8,356.34. |
| 9 | May 3, 2022 | A wire transfer from Bank 2 United Mileage Plus card -9004 to Her Tuxedo, in the amount of $394.77 |
| 10 | June 3, 2022 | A wire transfer from Company 1's Bank 2 account -6199 to POWER's Credit Union 1 account -4080, in the amount of $5,623.25. |
| 11 | June 13, 2022 | A wire transfer from Company 1's Bank 2 account -6199 to POWER's Credit Union 1 account -4080, in the amount of $13,544.40. |

All in violation of Title 18, United States Code, Section 1343.

<u>COUNTS TWELVE THROUGH FOURTEEN</u>: [18 U.S.C. § 1344(2) – Bank Fraud]

The Grand Jury further charges: T H A T

KAMI ELOIS POWER,

defendant herein, as follows:

1.    The allegations in paragraphs one through two and five through nine of Counts One through Eleven are hereby realleged and incorporated by reference.

I.    <u>SCHEME TO DEFRAUD</u>

2.    Beginning no later than January 2020, and continuing until in or around May 2023, in the County of El Dorado, State and Eastern District of California, and elsewhere, POWER did knowingly and with the intent to defraud, execute and attempt to execute a material scheme and artifice to obtain monies, funds, credits, assets, securities, and other property owned by and under the control of a financial institution by means of materially false and fraudulent pretenses, representations, and

1  promises.

2      3.    The purpose of the scheme and artifice to defraud was to obtain money, funds, credits,

3  assets, securities, and other property under the control of Bank 1 and Bank 2 that belonged to Company

4  1 and Company 2, without the authorization and knowledge of the companies' owners, for unauthorized

5  personal purposes that did not benefit Company 1 or Company 2.

6                  II.    MANNER AND MEANS

7      In furtherance of the fraud, POWER employed the following manner and means, among others:

8      4.    POWER used her position and access to Company 1 and Company 2's financial

9  information, bank accounts, payroll accounts, and company credit card to obtain money, funds, credits,

10  assets, securities, and other property under the control of Bank 1 and Bank 2 that belonged to Company

11  1 and Company 2 for her own person benefit, in the following ways, among others:

12          a.  POWER made at least one purchase by bank check that was not authorized by and did

13             not benefit Company 1 by inserting the digital signature of Person 1, who is the co-owner

14             of Company 1 and Company 2, onto the signature line of this check without Person 1's

15             knowledge or permission.  For example, in August 2022, POWER purchased a horse in

16             this manner.

17          b.  POWER wrote several checks to "cash" that drew from Company 2's Bank 2 account by

18             inserting Person 1's digital signature onto the signature line of these checks without

19             Person 1's knowledge or permission.  POWER then cashed these checks.

20          c.  In furtherance of the scheme, POWER made materially false statements, representations,

21             and half-truths about Company 1 and Company 2's finances.  For example, POWER

22             omitted and deleted internal recordkeeping related to the fraudulent checks.

23      5.    At all times relevant to this Indictment, the banks and credit unions referenced herein,

24  including Bank 1 and Bank 2 and Credit Union 1 were financial institutions as defined in 18 U.S.C. §

25  20, in that they were members of the Federal Deposit Insurance Corporation ("FDIC") and National

26  Credit Union Association ("NCUA"), their deposits were insured by the FDIC and NCUA, and they

27  were conducting banking business in interstate commerce.

28  / / /

III.    EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

6.    On or about the dates set forth below, in the State and Eastern District of California, and elsewhere, POWER knowingly executed and attempted to execute the scheme and artifice to obtain monies, funds, credits, assets, securities, and other property under the custody and control of the financial institutions specified below by means of false and fraudulent pretenses, representations, and promises, as specified below:

| Count | On or About | Description |
|---|---|---|
| 12 | Aug. 23, 2022 | A check dated Aug. 1, 2022, in the amount of $4,025, which drew from Company 1's Bank 1 account -8850 and was deposited on Aug. 23, 2022. The check bears what purports to be the digital signature and name of Person 1. |
| 13 | June 27, 2022 | A check dated June 27, 2022, in the amount of $1,370, which drew from Company 2's Bank 2 account -1525 and was cashed on June 27, 2022. The check bears what purports to be the digital signature and name of Person 1. |
| 14 | Sept. 22, 2022 | A check dated Sept. 22, 2022, in the amount of $2,150, which drew from Company 2's Bank 2 account -1525 and was cashed on Sept. 22, 2022. The check bears what purports to be the digital signature and name of Person 1. |

All in violation of Title 18, United States Code, Section 1344(2).

COUNTS FIFTEEN THROUGH SEVENTEEN: [1028A – Aggravated Identity Theft]

The Grand Jury further charges: T H A T

KAMI ELOIS POWER,

defendant herein, on or about the dates specified below, in the State and Eastern District of California, and elsewhere, did knowingly transfer, possess, and use, without lawful authority, a means of identification of Person 1, during and in relation to a felony violation of Title 18, United States Code, Section 1344(2) – bank fraud, knowing that the means of identification belonged to another actual person, as detailed more fully in the table below:

| Count | On or About | Means of Identification |
|---|---|---|
| 15 | Aug. 1, 2022 | Name and digital signature of Person 1 on a $4,025 check. |
| 16 | June 27, 2022 | Name and digital signature of Person 1 on a $1,370 check. |
| 17 | Sept. 22, 2022 | Name and digital signature of Person 1 on a $2,150 check. |

All in violation of Title 18, United States Code, Section 1028A.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A) – Criminal Forfeiture]

1.     Upon conviction of one or more of the offenses alleged in Counts One through Eleven of this Indictment, defendant KAMI ELOIS POWER shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

      a.      Real Property at 1886 Sorrel Lane, Gardnerville, Nevada, Douglas County, APN: 1220-24-501-035;

      b.      Real Property at 1495 Douglas Avenue, Gardnerville, Nevada, Douglas County, APN: 1320-32-716-005;

      c.      2021 Jeep Wrangler, Nevada License No: CALFR, VIN: 1C4HJXDN0MW582618; and

      d.      A sum of money equal to the total amount of proceeds traceable to such offenses, for which the defendant is convicted.

2.     Upon conviction of one or more of the offenses alleged in Counts Twelve through Fourteen of this Indictment, defendant KAMI ELOIS POWER shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly, as a result of said violations, including but not limited to the following:

      a.      "Lilly," a prized mare and high-value equestrian asset purchased by Powers in August 2022.

      b.      A sum of money equal to the amount of proceeds obtained directly or indirectly, as a result of such offenses, for which defendant is convicted.

3.     If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Fourteen of this Indictment, for which the defendant is convicted:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ **Signature on file w/AUSA**

_____

FOREPERSON

MICHELE BECKWITH
Acting United States Attorney

*No.* 2:25-cr-0010 DC

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*  **No Bail Warrant Pending Hearing**

KAMI ELOIS POWER

### I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. § 1343 – Wire Fraud (11 counts);
18 U.S.C. § 1344(2) – Bank Fraud (3 counts); 18 U.S.C. § 1028A – Aggravated
Identity Theft (3 counts); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c), and
18 U.S.C. § 982(a)(2)(A) – Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* _____ *day*

*of* _____ *, A.D. 20* _____

/s/ Jenny Wood
_____
*Clerk.*

**No Bail Warrant Pending Hearing**
*Bail, $* _____

_____ Carol M. Delany _____

2:25-cr-0010 DC

<u>**United States v. Kami Elois Power**</u>
**Penalties for Indictment**

<u>**Defendant**</u>

**Kami Elois Power**

<u>**COUNTS 1-11:**</u>

VIOLATION:          18 U.S.C. § 1343 – Wire Fraud

PENALTIES:          A maximum of up to 20 years imprisonment;
                    Fine of up to $250,000, or twice the gross gain or gross loss, whichever is
                    greater; or both fine and imprisonment
                    Supervised release of up to three years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

<u>**COUNTS 12-14:**</u>

VIOLATION:          18 U.S.C. § 1344(2) – Bank Fraud

PENALTIES:          A maximum of up to 30 years imprisonment;
                    Fine of up to $1,000,000; or both fine and imprisonment
                    Supervised release of up to three years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

<u>**COUNTS 15-17:**</u>

VIOLATION:          18 U.S.C. § 1028A – Aggravated Identity Theft

PENALTIES:          Mandatory two years imprisonment, consecutive to any sentence imposed
                    on Counts 1-14; Fine of up to $250,000, or twice the gross gain or gross
                    loss, whichever is greater
                    Supervised release of up to one year

SPECIAL ASSESSMENT: $100 (mandatory on each count)

<u>**FORFEITURE ALLEGATION:**</u>

VIOLATION:     18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A)

PENALTIES:     As stated in the charging document