UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-0000010-DC |
| Plaintiff, | ORDER RULING ON MOTIONS *IN LIMINE* |
| v. | (Doc. Nos. 31, 33, 34, 35, 36) |
| KAMI ELOIS POWER, | |
| Defendant. | |

This matter came before the court on October 29, 2025, for a hearing on Defendant's motion *in limine* filed on October 9, 2025 (Doc No. 31) and four motions *in limine* filed by the Government on October 15, 2025. (Doc. Nos. 33, 34, 35, 36.) Specifically, in her motion *in limine* Defendant seeks to exclude from admission "other acts" evidence relating to her three prior felony convictions, as well as her prior settlement of a civil fraud dispute. (Doc. No. 31.) In its motion *in limine* No. 1, the Government seeks to admit this same "other acts" evidence. (Doc. No. 33.) In its motion *in limine* No. 2, the Government seeks a preliminary determination of the foundational admissibility of certain certified business and public records as self-authenticating under the Federal Rules of Evidence. (Doc. No. 34.) In its motion *in limine* No. 3, the Government seeks an order prohibiting Defendant or her counsel from asking questions, making references, or advancing arguments about whether Defendant may have ever been given consent or permission to acquire or use her former employer Robert Haen's means of identification. (Doc.

1

1  No. 35.) In its motion *in limine* No. 4, the Government seeks an order prohibiting Defendant or
2  her counsel from referring to the potential penalties Defendant may face in the presence of the
3  jury. (Doc. No. 36.)
4        The Government filed an opposition to Defendant's motion *in limine* on October 22, 2025.
5  (Doc. No. 37.) Defendant filed an opposition to the Government's first and third motions *in*
6  *limine*, and a statement of non-opposition to the Government's second and fourth motions *in*
7  *limine* on October 22, 2025. (Doc. No. 38.) All motions were submitted following oral argument.
8  (*See* Doc. No. 44.) For the reasons explained below, the court will grant in part the Government's
9  motion *in limine* No. 1 (Doc. No. 33), reserve ruling on the Government's motion *in limine* No. 2
10 (Doc. No. 34), deem the Government's motion *in limine* No. 3 moot (Doc. No. 35), and grant the
11 Government's motion *in limine* No. 4 (Doc. No. 36.) The court will deny as moot Defendant's
12 sole motion *in limine*. (Doc. No. 31.)

13                                       **BACKGROUND**

14       Defendant is charged in the Indictment with the following 17 counts: (counts 1–11)
15 violating 18 U.S.C. § 1343 – wire fraud; (counts 12–14) violating 18 U.S.C. § 1344(2) – bank
16 fraud; and (counts 15–17) violating 18 U.S.C. § 1028A – aggravated identity theft. (Doc. No. 6.)
17       The Government alleges that from November 2019 through May 2023, Defendant was the
18 sole full-time in-office employee of a family-owned construction business, Haen Constructors.
19 (Doc. No. 6 at 1, 2.) The Government charges that pursuant to her employment, Defendant had
20 unsupervised access to the financial information, bank accounts, payroll accounts, and company
21 credit card of Haen Constructors, as well as to the same information for related industrial
22 equipment company, LT Equipment. (*Id.*)
23       In support of counts 1–11 for wire fraud, the Government charges that beginning in
24 January 2020 and continuing through May 2023, Defendant used her access to obtain, convert,
25 and spend Haen Constructors's and LT Equipment's money directly and indirectly for her own
26 benefit, including by: (1) making wire transfers of company money to herself, disguising the
27 transactions as authorized payments to subcontractors, vendors, or other businesses; (2) making
28 wire transfers of company money to herself, disguising the transactions as authorized payroll

1  payments; (3) making unauthorized personal purchases with Haen Constructor's credit card; and
2  (4) making unauthorized wire transfers of company money to herself, disguising the transactions
3  as authorized payments for payroll, reimbursements, or other earnings. (*Id*. at 2–3.)
4        In support of counts 12–14 for bank fraud, the Government charges that beginning in
5  January 2020 and continuing through May 2023, Defendant knowingly obtained monies, funds,
6  credits, assets, securities, and other property under the control of a financial institution for
7  unauthorized purposes, including by: (1) making at least one purchase by bank check that was not
8  authorized and did not benefit Haen Constructors by inserting the digital signature of the co-
9  owner of Haen Constructors and LT Equipment, Robert Haen, onto the signature line of the check
10  without Mr. Haen's knowledge or permission; (2) writing several checks to "cash" that drew from
11  LT Equipment's bank account by inserting Mr. Haen's digital signature onto the signature line of
12  the checks without his knowledge or permission, and then cashing these checks; and (3) making
13  materially false statements, representations, and half-truths about Haen Constructors and LT
14  Equipment's finances, including omitting and deleting internal recordkeeping relating to the
15  fraudulent checks. (*Id.* at 5.)
16        In support of counts 15–17 for aggravated identity theft, the Government charges that
17  between August 2022 and September 2022, Defendant knowingly possessed and used, without
18  lawful authority, Mr. Haen's means of identification, during and in relation to a felony violation
19  of Title 18, United States Code § 1344(2) – bank fraud. (*Id.* at 6.)

20  **LEGAL STANDARD**

21  "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence
22  in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's
23  Law Dictionary 803, 1038–39 (8th ed. 2004)). Like other pretrial motions, motions *in limine* "are
24  useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM*
25  *N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quoting *Palmerin v. City of Riverside*, 794
26  F.2d 1409, 1413 (9th Cir. 1986)). "Although the Federal Rules of Evidence do not explicitly
27  authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent
28  authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)

(citations omitted).

"In many instances, rulings 'should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.'" *Vargas v. Lopez*, No. 23-cv-02490-TSH, 2025 WL 2800196, at *1 (N.D. Cal. Sep. 30, 2025) (quoting *U.S. v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016)); *see Williams v. Castro*, No. 20-cv-01617-SAB, 2023 WL 2432770, at *1 (E.D. Cal. Mar. 9, 2023) (noting that "some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury") (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Moreover, *in limine* rulings are not binding on the court, and the court may change its ruling during trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see City of Pomona*, 866 F.3d at 1070 ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.") (quoting *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999)).

## DISCUSSION

**A.     Government's Motion *in Limine* No. 1**

In the Government's first motion *in limine*, the Government seeks to admit "other acts" evidence relating to Defendant's prior felony convictions and prior settlement of a civil dispute for fraud brought by Defendant's former employer. (Doc. No. 33.) Specifically, the Government seeks to introduce evidence relating to:

1. Defendant's November 6, 2000 conviction in Ventura County Superior Court for violation of California Penal Code § 487(a) – Grant Theft;
2. Defendant's January 19, 2006 conviction in Ventura County Superior Court for violation of California Penal Code § 487(b)(3) – Grant Theft and California Penal Code § 470 – Forgery;
3. Defendant's May 2004 settlement of a civil dispute brought against Defendant by Defendant's former employer, alleging that Defendant had stolen money from the

4

former employer; and

  4. Defendant's May 2024 conviction in Douglas County District Court for attempted possession of a firearm by a prohibited person.

(Doc. No. 33 at 3–5.) The Government argues that the 2000 and 2006 convictions, as well as the 2004 settlement, are admissible under Federal Rule of Evidence 404. (*Id.* at 5.) The Government also argues that the 2000, 2006, and 2024 convictions, as well as the 2004 settlement, are admissible as impeachment evidence under Federal Rule of Evidence 609 if Defendant testifies at trial. (*Id.* at 6–7.)

  1. <u>Federal Rule of Evidence 404</u>

Rule 404 provides that evidence of another crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but that evidence is admissible for another purpose such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2).

The Ninth Circuit has articulated a four-factor test to determine whether evidence of a prior crime, wrong, or act is properly admitted. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Evidence of such prior acts is admissible if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *Id.* (internal quotation marks and citation omitted). If the prior acts evidence is found to be admissible under Rule 404(b), the court "must determine whether the probative value of admission outweighs the prejudice to the defendant" under Federal Rule of Evidence 403. *Id.* at 1018.

   a. *Materiality*

The Government argues that evidence of Defendant's prior financial crimes is relevant to "several material points in this prosecution, including intent, preparation, plan, knowledge, absence of mistake, and lack of accident." (Doc. No. 33 at 7.) The Government contends that the prior financial crimes are substantially similar to those alleged here, as in all cases Defendant

misappropriated her previous employers' assets by forging the name of another employee on fraudulent checks and by writing checks to non-existent companies, for which the proceeds were ultimately deposited in Defendant's accounts. (*Id.*) Thus, the Government contends, Defendant "committed her crimes against Haen Constructors and LT Equipment in the same manner that she committed those crimes against her prior victims," such that the similarities "are material to establish [Defendant's] motive, opportunity, intent, plan, knowledge, identity, absence of mistake, and/or lack of accident" in this case. (*Id.* at 9.)

In her opposition, Defendant argues that neither motive nor identity are in dispute in this matter. (Doc. No. 38 at 2.) Defendant contends that the materiality of the other acts evidence is mitigated because the "only issue in dispute is whether the $1.4 million dollars was [] authorized or not" and "[b]ringing in other cases will unduly prolong the trial and confuse the issues." (*Id.*)

The court finds that the other acts evidence of Defendant's prior financial crimes is relevant to Defendant's preparation, plan, knowledge, absence of mistake, and lack of accident in the charged offense. Those acts are also material to Defendant's motive and identity, but those are not disputed issues in this case, so the court does not address those bases any further.

      b.    *Sufficient evidence*

The test for sufficiency of evidence is a "low threshold" as the government need only present "sufficient evidence" of the prior bad acts "for a jury reasonably to conclude that the act[s] occurred and that the defendant was the actor." *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) (internal quotations and citation omitted).

Here, given that Defendant was convicted for two of the prior acts, and settled the third, it is highly likely that the Government could meet its low threshold for showing that the prior acts occurred, and that Defendant was the actor.

      c.    *Similarity*

As addressed above, the prior bad acts are substantially similar to those alleged here.

      d.    *Remoteness*

The Ninth Circuit has explicitly declined to adopt an inflexible rule regarding when a prior act is too remote in time under the Rule 404 test. *United States v. Hadley*, 918 F.2d 848, 851

(9th Cir. 1990). Rather, if the "prior act evidence in th[e] case is sufficiently similar to the charged conduct," it may render the evidence "probative despite the passage of time." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). Thus, the Government argues that because the prior acts at issue are substantially similar to the allegations in the indictment, the court should permit their admission into evidence despite the convictions having occurred twenty-five and nineteen years ago,[1] respectively, and the civil settlement having been entered twenty-one years ago. (Doc. No. 33 at 10-11.)

The Government cites several cases in which courts have held that prior convictions were not too remote to be admitted under Rule 404. (Doc. No. 33 at 10-11.) However, most of these cases pertain to substantially more recent prior acts. *See Johnson*, 132 F.3d at 1283 (admitting testimony relating to prior act that occurred thirteen years before indictment); *United States v. Henderickson*, No. 22-30090, 2023 WL 5453234, at *1 (9th Cir. 2023) (admitting prior convictions entered seven and twelve years before conduct in case); *Vo*, 413 F.3d at 1019 (same for thirteen-year-old drug convictions); *United States v. Ross*, 886 F.2d 264, 265 (1989) (same for thirteen-year-old act). In the cases cited by the Government where the timing of the prior acts approach twenty-years-old, the reviewing courts admit evidence of those acts due to the existence of a pattern of continuing criminality or other extenuating circumstances that are not present here. *See, e.g., United States v. Lattimore*, No. 19-cr-00046-BLF, 2022 WL 17740282, at *2 (N.D. Cal. Dec. 16, 2022) (admitting conviction entered twenty years prior to indictment, but "thirteen years before the commencement of the conduct" charged in the indictment); *United States v. Sherrer*, 18 F. App'x 651, 656 (9th Cir. 2001)[2] (affirming admission of evidence that defendant had not

---

[1] In its motion *in limine*, the Government calculates the relevant time period for both convictions as the time between Defendant's discharge from probation/parole and the filing of the indictment in this matter. (Doc. No. 33 at 11.) The Government does not cite any authority supporting the proposition that the remoteness calculation begins only after a defendant is discharged from parole for the purposes of Rule 404 analysis, and the court has not identified any such authority. *See, e.g., United States v. Chant*, Nos. 94-cr-1149-SBA, 94-cr-0185, 1997 WL 231105, at *6 (N.D. Cal. Apr. 4, 1997) (calculating defendant's 1976 conviction as seventeen years old where indictment was filed in 1993).

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

filed income tax returns for each of the previous 20 years because the "offense is part of [defendant's] long-term scheme to avoid government scrutiny of his financial affairs and thus to evade tax liability.").

The court finds that the 2000 and 2006 convictions, and the 2004 settlement, are too remote to be admitted under Rule 404. Unlike the cases the Government relies on, there is no evidence of a continuing pattern of criminality between the prior acts and the charged offense, and no other compelling reason that the prior acts are particularly probative in this case. *See Chant*, 1997 WL 231105, at *6 (finding "the passage of almost seventeen years, without any intervening arrests or convictions to indicate continuing criminal intent or predisposition, divests the defendant's prior convictions of much of their probative value"). Thus, the Government has not shown that the prior bad acts are admissible under Rule 404. Nonetheless, the court briefly addresses the Rule 403 balancing below.

          e.    *Rule 403 balancing*

If "a court finds evidence admissible under Rule 404(b), it must then find that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice before the evidence is admissible" under Federal Rule of Evidence 403. *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). Rule 403 permits a court to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A court measures the probative value of evidence by its 'tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence.'" *Id.* (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)). "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable," by, for example, making "conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Johnson*, 820 F.2d at 1069 (quoting *Bailleaux*, 685 F.2d at 1111).

8

Here, the probative value of the prior bad acts is substantially mitigated by the remoteness of those acts, combined with the lack of any particularized reason for their probative value aside from their general similarity to the charged offense. Moreover, there is a substantial risk of prejudice here because evidence of Defendant's previous convictions may induce the jury to infer that Defendant has a propensity toward crime and committed the charged crimes in accordance with that propensity. *See Johnson*, 820 F.2d at 1069 ("Prejudice will always arise upon the admission of evidence of a defendant's criminal conduct."); *Bailleaux*, 685 F.2d at 1109 (risk of prejudice "exists whenever a jury is advised of the fact of a prior conviction, or evidence relating to earlier criminal conduct is admitted"); *United States v. Bagley*, 772 F.2d 482, 488 ("[W]here, as here, the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again.").

Finally, at hearing Defendant argued that Defendant would be prejudiced by the admission of the prior act evidence because, if admitted, the Government would need to call multiple witnesses to testify about events that occurred twenty years ago. Defendant argues that admission of this evidence would cause undue delay and mislead the jury. The court agrees. Allowing multiple witnesses to testify about events that occurred over twenty years ago would confuse the issues, potentially mislead the jury, and cause unnecessary delay. This is especially true where the probative value of those convictions is mitigated by the substantial passage of time.

Thus, even if the court found that the prior acts at issue here were not too remote to be admitted under Rule 404(b), the court would still find that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.[3]

---

[3] The Government also contends that regardless of the court's ruling on Rule 404(b), Defendant's prior employment and the reasons for her termination from that employment are separately relevant as direct evidence because of "the omissions and lies [Defendant] made to Haen Constructors on her resume and during her interview that led to her hiring." (Doc. No. 33 at 13, n.3.) Thus, Defendant argues this evidence is inextricably intertwined with the charged crimes and therefore is not subject to Rule 404(b). (*Id.*) However, the alleged "omissions and lies" Defendant made relating to her previous employment are not before the court, and the

2. <u>Federal Rule of Evidence 609</u>

The Government also contends that the prior acts discussed above, along with Defendant's May 2024 conviction in Douglas County District Court for attempted possession of a firearm by a prohibited person, should be admitted as impeachment evidence under Federal Rule of Evidence 609 if Defendant testifies in her defense. (Doc. No. 609 at 13.) Rule 609 requires that for a crime that is "punishable by death or by imprisonment for more than one year," evidence of the defendant's conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B), 609(a)(2). However, such impeachment evidence shall not be admitted if "more than 10 years have passed since the witness's conviction or release from confinement for it," and "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1) (emphasis added). Convictions "over 10 years old will be admitted *very rarely and only in exceptional circumstances.*" *Bensimon*, 172 F.3d at 1126 (quoting Fed. R. Evid. 609(b) advisory committee's note).

Here, as discussed above, more than ten years have passed since Defendant's 2000 and 2006 convictions, and the probative value of evidence relating to those convictions is outweighed by the danger of prejudice. Moreover, because the prior convictions and settlement were for alleged actions substantially similar to the allegations here, their admission at trial presents a substantial risk of prejudice. *Bagley,* 772 F.2d at 488 ("To allow evidence of a prior conviction of the very crime for which a defendant is on trial may be devastating in its potential impact on a jury."). Simply put, this is not one of the "rare and exceptional circumstances" where a conviction of over 10 years should be admitted for impeachment purposes. *Bensimon*, 172 F.3d at 1127 (overruling trial court's admission of prior conviction under 609(b) because "the probative value of a seventeen-year-old conviction was very low").

On the other hand, Defendant's 2024 conviction for attempted possession of a firearm by

---

Government has not made a substantive argument regarding how that evidence is "inextricably intertwined" with the charged offenses. The court therefore reserves making any ruling on whether, and to what extent, evidence relating to Defendant's prior employment and misrepresentations to her previous employer will be admissible at trial.

10

1   a prohibited person is recent. There are no remoteness concerns, and its probative value is not
2   mitigated by the substantial passage of time. Indeed, in Defendant's own motion *in limine*, she
3   concedes that the 2024 conviction is properly admitted under Rule 609. (Doc. No. 31 at 6.) In that
4   motion, Defendant also requests that the court sanitize the 2024 conviction to prevent the jury
5   from speculating that the subject firearm was somehow involved in this case. (*Id.*) At hearing, the
6   Government did not object to sanitizing the firearm conviction. The court agrees that such a
7   limitation is appropriate. Evidence of Defendant's 2024 conviction can be used for impeachment
8   purposes, but introduction of that evidence must be limited in scope. Specifically, the
9   Government may introduce evidence that Defendant was convicted of a crime that was
10  punishable by imprisonment for over one year, the date she was convicted and the length of her
11  sentence. However, the Government may not introduce evidence relating to the nature of that
12  crime, as the probative value of that evidence is substantially outweighed by danger of unfair
13  prejudice.
14      For these reasons, the court will grant in part the Government's first motion *in limine* to
15  admit evidence of Defendant's prior acts.
16      **B.**    **Government's Motion *in Limine* No. 2**
17      In the Government's second motion *in limine*, the Government seeks a preliminary
18  determination, as authorized by Federal Rule of Evidence 104, of the foundational admissibility
19  of certain certified business and public records as self-authenticating under the Federal Rules of
20  Evidence. (Doc. No. 34 at 1.) The Government states that these documents "generally consist of
21  bank records, credit card records, and other internal company records, as well as certified public
22  court records." (*Id.*) The Government contends these "documents are all self-authenticating under
23  Federal Rule of Evidence 902" and are "otherwise admissible under clearly established
24  exceptions to the hearsay rule under Federal Rule of Evidence 803(6) (Records of Regularly
25  Conducted Activity) and 803(8) (Public Records)." (*Id.*) Defendant does not oppose this motion.
26  (Doc. No. 38 at 1.)
27      While the court will allow self-authentication of any records covered by Rule 902, the
28  Government does not specifically identify what records its request encompasses. Thus, the court

cannot determine whether those documents are covered by Rule 902. Accordingly, the court will reserve its ruling on the Government's second motion *in limine* until such time as the Government seeks to authenticate the subject documents under Rule 902.[4]

### C.    Government's Motion *in Limine* No. 3

In the Government's third motion *in limine*, the Government seeks an order prohibiting defendant or her counsel from asking questions, making references, or advancing arguments about whether Defendant may have ever been given consent or permission to acquire or use her employer, Robert Haen's, means of identification. (Doc. No. 35.) At the October 29 hearing on this motion, the parties indicated that they had reached an agreement regarding the extent to which evidence of Mr. Haen's alleged consent to Defendant's use of his means of identification would be used at trial. Thus, the court understands the Government's third motion *in limine* to be withdrawn per the parties' agreement. If the Government disagrees that it has withdrawn its third motion *in limine* (Doc. No. 35) pursuant to the parties' agreement, the Government may file supplemental briefing indicating the basis for that belief on or before November 3, 2025.

### D.    Government's Motion *in Limine* No. 4

In the Government's fourth motion *in limine*, the Government seeks an order prohibiting Defendant or Defendant's counsel from referring, in the presence of the jury during *voir dire* or at trial, to the potential penalties Defendant may face or to any sentencing range that might apply to her upon her conviction. (Doc. No. 36.) Defendant does not oppose this motion. (Doc. No. 38 at 1.)

It is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Thus, evidence of Defendant's potential penalties is inadmissible as irrelevant pursuant

---

[4] The court's pretrial order allows for the parties to indicate where there is no objection to the introduction of an exhibit and permits such exhibits to be admitted upon introduction and motion of the party, without further foundation. (Doc. No. 30 at 4.) The court encourages the parties to identify all self-authenticating documents encompassed by this motion *in limine* and Defendant's statement of non-opposition to ensure efficient trial proceedings.

12

to Federal Rule of Evidence 401. The court will grant the Government's fourth motion *in limine* to exclude evidence relating to Defendant's potential punishment or sentencing range. Neither party shall refer to Defendant's potential punishment or sentencing range in the presence of the jury.[5]

### E. Defendant's Motion *in Limine*

Defendant's motion *in limine* seeks an order excluding the same prior act evidence discussed in the Government's motion *in limine* No. 1. (Doc. No. 31.) As Defendant's motion *in limine* pertains to precisely the same evidence as the Government's motion *in limine* No. 1, the court need not further address it here. Accordingly, the court will deny Defendant's motion *in limine* as having been rendered moot by the court's ruling on the Governments motion *in limine* No. 1.

## CONCLUSION

For the reasons explained above:

1. The Government's motion *in limine* No. 1 (Doc. No. 33) is GRANTED, in part, and DENIED, in part, as follows:

   a. The Government's motion to admit evidence pertaining to Defendant's 2000 and 2006 convictions, and 2004 settlement of the civil fraud dispute is DENIED;

   b. The Government's motion to admit evidence pertaining to Defendant's 2024 conviction is GRANTED. That conviction is admissible for impeachment purposes solely if Defendant testifies in her defense, and the Government may only introduce evidence that Defendant was convicted of a crime that was punishable by imprisonment for over one year, the date of conviction, and length of her sentence;

2. The court reserves its ruling on the Government's motion *in limine* No. 2 (Doc.

---

[5] At the hearing on this motion, counsel for Defendant indicated he may wish to refer to some counts as more serious than other counts at trial to distinguish between the different charges, which the Government does not oppose. Counsel is permitted to do so, so long as counsel does not make any reference to potential punishment.

No. 34);

    a. The parties shall meet and confer for the purpose of stipulating to the admission of any exhibits that the parties agree are self-authenticating and to which there is no dispute as to authenticity;

3. The Government's motion *in limine* No. 3 (Doc. No. 35) is deemed WITHDRAWN;

4. The Government's motion *in limine* No. 4 (Doc. No. 36) is GRANTED; and

5. Defendant's motion *in limine* (Doc. No. 31) is DENIED as moot.

IT IS SO ORDERED.

Dated: **October 30, 2025**

                                                Dena Coggins
                                                United States District Judge